UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:19-CR-00196-1-JRG-CRW |
| | ) | |
| JOSHUA CAINE DAVIS | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Appeal from Decision Denying Emergency Motion for Release: Changed Circumstances [Doc. 261] and the United States' Response [Doc. 262]. For the reasons herein, the Court will affirm the denial of Defendant's motion.

### I. BACKGROUND

Last year the United States indicted Joshua Caine Davis in a multicount indictment, charging him with various offenses that include knowingly possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). [Indictment, Doc. 4, at 3]. United States Magistrate Judge Cynthia R. Wyrick ordered Mr. Davis to remain detained pending trial, and Judge Wyrick relied on the following written findings of fact and reasons in ordering Mr. Davis' detention:

> The United States presented evidence via proffer that Defendant had supplied large quanties [sic] of drugs to numerous individuals over a significant period of time. Additionally, when Defendant was arrested, he was found to be in possession of a large number of weapons and also of methamphetamine, which he tried to flush down the toilet. Even if the Court set aside these facts and Defendant's lengthy criminal history, which includes crimes of violence, Defendant would still be unable to rebut the presumption that he should be detained.
>
> It is unrefuted that Defendant has a serious drug addiction, and was using cocaine and methamphetamine on a daily basis at the time of his arrest. He also has a serious heart condition and open sores on his skin. The sores on his skin were attributed to drug use by one of the witnesses who testified on Defendant's behalf. That witness (the mother of Defendant's girlfriend) also testified that the sores had been there for approximately three years, and that Defendant had been hospitalized for his

heart problems but had refused the surgery recommended. Given the extended time over which Defendant has experienced these health issues, the Court can only conclude that if Defendant had the ability to stop using drugs, he would have done so to prevent further damage to his health. It is clear to the Court that Defendant would be a serious danger to himself if he was released pending trial because of this ongoing drug use. For these reasons along with those set forth above, the Court must conclude that no combination of conditions can be imposed that would reasonably protect the public should Defendant be released.

[Detention Order, Doc. 117, at 3].

About three months later, Mr. Davis, on an emergency basis, moved for reconsideration of Judge Wyrick's detention order, citing his heart condition and claiming that it presents a compelling reason for his release because of the risk that the COVID-19 poses to him. [Def.'s Mot. Recons., Doc. 254, at 1–9]. Judge Wyrick declined to reconsider her detention order, determining that "even with the possibility of exposure to Coronavirus, Defendant's health is likely to be better if he remains incarcerated and has access to healthcare within the prison system as opposed to being released to resume his use of illegal substances." [Order, Doc. 256, at 1]. Mr. Davis now moves for the revocation of Judge Wyrick's detention order, contending that he is among the "most vulnerable to the possibility of death" if he contracts COVID-19. [Def.'s Mot. of Appeal, Doc. 261, at 1]. He proposes that the Court release him to home confinement, and he states that he is not opposed to the imposition of conditions of pretrial release that will ensure he is neither a flight risk nor a risk to the community. [*Id.*].

## II. LEGAL STANDARD

In considering whether to detain a defendant pending trial, a magistrate judge must determine whether "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In making this determination, the magistrate judge must review four factors: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the

2

defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger that the defendant's release would pose to any person or the community. *Id.* § 3142(g)(1)–(4).

"Pretrial detention," however, "can be ordered based on a judicial finding of either substantial danger to the community or risk of flight; only one is required." *United States v. Hernandez*, No. 1:02–CR–006, 2002 WL 1377911, at *3 (E.D. Tenn. Feb. 27, 2002) (citations omitted). The United States has "the ultimate burden" of establishing that no conditions of release will reasonably assure the defendant's appearance and the community's safety. *United States v. Stone*, 608 F.3d 939, 946 (6th Cir. 2010). But if a defendant is charged with any of the offenses in 18 U.S.C. § 3142(e)(3), it creates a rebuttable presumption that no conditions of release will reasonably assure his appearance or protect the community. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2014).

A defendant may contest a magistrate judge's detention order under § 3145(b), which states:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). A district court conducts a de novo review of a magistrate judge's detention order. *United States v. Romans*, No. 00–5456, 2000 WL 658042, at *1 (6th Cir. May 9, 2000); *United States v. Villegas*, No. 3:11–CR–28, 2011 WL 1135018, at *4 (E.D. Tenn. Mar. 25, 2011). A de novo review requires the district court "to give fresh consideration" to the issues before it. *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (quotation omitted).

3

### III. ANALYSIS

A motion for revocation of a detention order is tantamount to an interlocutory appeal under Federal Rule of Criminal Procedure 58(g)(2)(A). *Hernandez*, 2002 WL 1377911 at *1. In pursuing the revocation of Judge Wyrick's detention order, Mr. Davis requests "temporary release" for a "compelling reason." [Def.'s Mot. of Appeal at 1 (quoting § 3142(i))].[1] The Court has license to grant Mr. Davis the relief that he requests. *See* E.D. Tenn. L.R. 72.4(b) ("In those cases where an interlocutory appeal is taken within 14 days as provided in Federal Rule of Criminal Procedure 58(g)(2)(A) . . . . [t]he district judge may . . . affirm, modify, or reverse the magistrate judge's decision or order, or remand the case to the magistrate judge for further proceedings."). According to the United States, however, "the time for filing an appeal long ago expired." [United States' Resp. at 2]. Under Rule 58(g)(2)(A), a party may appeal a magistrate judge's order within fourteen days of its entry. Fed. R. Crim. P. 58(g)(2)(A).

Although Mr. Davis' appeal is untimely—he clearly did not file it within fourteen days of entry of Judge Wyrick's detention order—the Court still has discretion to consider it, and due to its urgent nature, the Court will exercise that discretion here. *Cf. Patterson v. Mintzes*, 717 F.2d 284, 287 (6th Cir. 1983) ("[W]hen written objections to a magistrate's report are tendered beyond the [14] day period . . . but are nevertheless filed . . . the waiver rule . . . will not apply to bar appellate review. . . . A district court's power to extend the [14] day filing period correspondingly preserves the opportunity to render a more fully informed opinion and thereby effectively discharge its judicial responsibilities."); *cf. also Thomas v. Arn*, 474 U.S. 140, 146 (1985) ("[N]either the intent nor the practical effect of the Sixth Circuit's waiver rule is to restrict the court's own jurisdiction." (footnote omitted)); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th

---

[1] "Section 3142(i) does not define 'compelling reason,' and the Sixth Circuit has yet to interpret this statutory language." *United States v. Kennedy*, No. 18-20315, 2020 WL 1493481, at *4 (E.D. Mich. Mar. 27, 2020).

4

Cir. 2006) ("[F]ailure to seek timely review [of a magistrate's non-dispositive order] does not strip a district court of its power to revisit the issue." (citing *United States v. Flaherty*, 668 F.2d 566, 585 (1st Cir. 1981); *Phillips v. Raymond Corp.*, 213 F.R.D. 521, 523, 525 (N.D. Ill. 2003); *Anderson v. Hale*, 159 F. Supp. 2d 1116, 1117 (N.D. Ill. 2001); *Johnson v. Cadillac Plastic Grp., Inc.*, 930 F. Supp. 1437, 1439 (D. Colo. 1996))).

As Judge Wyrick noted in her detention order and in her order denying reconsideration, Mr. Davis was subject to a presumption that no conditions of release will reasonably assure his appearance or protect the community. *See* § 3142(e)(3)(B) (providing that a defendant is subject to a rebuttable presumption if a judge has probable cause to believe that he violated 18 U.S.C. § 924(c)); *Stone* 608 F.3d at 945 ("A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged." (citation omitted)); [Indictment at 3 (charging Mr. Davis with a violation of § 924(c))]. Judge Wyrick's written findings of fact and reasons for ordering Mr. Davis' detention—that is, her findings and reasons as to why Mr. Davis was unable to overcome this presumption—were more than sufficient to justify his detention, and the Court has no need to revisit them. Indeed, Mr. Davis did not raise a timely challenge to Judge Wyrick's detention order as it stood then.

The lone new variable with which he now spearheads his belated challenge is the emergence of COVID-19, which he characterizes as a compelling reason for permitting his temporary release to home confinement. But the district courts in this circuit, as the United States points out, have generally declined to view COVID-19 in a silo. In other words, they do not regard the virus as a compelling reason for pretrial release without some additional backing from § 3142(g)'s four other factors—backing that Mr. Davis, frankly, lacks in every respect. *See United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *3 (S.D. Ohio Mar. 30, 2020)

5

("The mere possibility of an outbreak at his facility does not equate to a compelling enough reason to justify his release." (citation omitted)); *United States v. Woods*, No. 19-cr-20112-02, 2020 WL 1493488, at *4 (E.D. Mich. Mar. 28, 2020) ("[T]he COVID-19 pandemic cannot be the sole basis for releasing a defendant from custody pending trial; the Court must still consider the Section 3142(g) factors.").

And, importantly, although Mr. Davis maintains that COVID-19 "imminently affect[s] vulnerable persons being incarcerated throughout the country," [Def.'s Mot. Recons. at 5], he identifies no cases of the virus at the Southwest Virginia Regional Jail, where he is detained, and the United States represents to the Court that this jail has no known cases of the virus to date, [United States' Resp. at 3]; *cf. United States v. You*, No. 20-5390, at 2 (6th Cir. Apr. 22, 2020) (PACER) ("Critical here, however, there are no known COVID-19 cases at [the defendant's] present facility. . . . [and] her facility has implemented precautionary measures to protect those detained in the facility. So while we are sympathetic to any concerns related to the COVID-19 virus, those concerns in this case do not outweigh the factors that weigh in favor of a stay."); *see Smoot*, 2020 WL 1501810 at *3 ("Defendant does not claim that any inmate at his facility has been affirmatively diagnosed with COVID-19.").

The Court does not mean to imply that COVID-19 can *never* constitute a compelling reason for a defendant's temporary release to home confinement; rather, the Court's position is that the possibility of release will depend on an analysis specifically tailored to the individual circumstances of each defendant. *See Stone*, 608 F.3d at (stating that "each defendant is entitled to an individualized determination of bail eligibility" under § 3142(g)'s factors); *Woods*, 2020 WL 1493488 at *4 ("In an appropriate case, the circumstances of the COVID-19 pandemic, and the pandemic's impact on a particular prisoner in a particular facility, could perhaps tip the

balance in favor of pretrial release. But given the record now before the Court, based upon the balance of Section 3142(g) factors described above, the Court is not persuaded that the COVID-19 pandemic justifies releasing [the defendant] prior to trial."); *United States v. Martin*, ___ F. Supp. 3d ___, 2020 WL 1274857, at *3 (D. Md. Mar. 17, 2020) (stating that "as concerning as the COVID-19 pandemic is, resolving an appeal of an order of detention must in the first instance be an individualized assessment of the factors identified by the Bail Reform Act, 18 U.S.C. § 3142(g)"); *see also United States v. Kennedy*, No. 18-20315, 2020 WL 1493481, at *3 & *3 n.3 (E.D. Mich. Mar. 27, 2020) (granting the defendant's motion for temporary release because he was audibly ill with flu-like symptoms, which threatened the prison population; was not receiving his medications from prison officials for his underlying conditions; and had no access to hand sanitizer).

Under the individualized circumstances of this case, the COVID-19 pandemic is not a compelling reason for Mr. Davis' temporary release, given the fact he does not claim that he is suffering from symptoms of the virus or that the Southwest Virginia Regional Jail has had any known cases of the virus. Also, in considering Mr. Davis' history and characteristics, the Court, like Judge Wyrick, is not at all inclined to release Mr. Davis to his home, the very place where much of his alleged criminal activity took place—including, presumably, the chronic drug use that according to Mr. Davis himself is the likely culprit behind his heart condition. [Def.'s Mot. Recons. at 1]. As to the remainder of § 3142(g)'s factors, the Court accepts, and incorporates herein, Judge Wyrick's written findings of facts and statement of reasons under § 3142(i)(1).

### IV.  CONCLUSION

Based on the individualized circumstances of this case, the COVID-19 pandemic is not a compelling reason for Mr. Davis' temporary release under § 3142(i). Judge Wyrick's order of

7

detention [Doc. 117] and her order denying Mr. Davis' motion for reconsideration [Doc. 256] are therefore **AFFIRMED**.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE